IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Myron Jay Azure, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT** |
| Petitioner, | ) | **SENTENCE** |
| | ) | |
| vs. | ) | Case No. 3:22-cv-98 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. 3:19-cr-172 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Myron Jay Azure, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are Petitioner Myron Jay Azure's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. No. 52) and motion for hearing (Doc. No. 53). The United States opposes the motion. Doc. No. 55. Azure filed his reply on November 28, 2022. Doc. No. 60. After careful review of the entire record, the motions are denied.

I.    **BACKGROUND**

In 2019, Azure was indicted with five counts of aggravated sexual abuse of his daughter and niece in violation of 18 U.S.C. §§ 2241(c) and 1153. The United States offered a plea agreement to resolve the charges against Azure, which he accepted. Under the plea agreement, Azure pleaded guilty to counts two and three of the indictment. Doc. No. 27.

The plea agreement was signed by Azure and his counsel on April 27, 2020. Id. The plea agreement advised him of the minimum sentence of 30 years and maximum sentence of life in

prison on both counts to which he pleaded guilty. Id. at 3. The plea agreement also indicated that the anticipated base offense level under the United States Sentence Guidelines ("USSG") was 38. Id. at 6. It further contemplated the potential for upward departures under USSG § 2A3.1(b)(3) (victim in defendant's care, custody, or control) and § 4B1.5 (repeat and dangerous sex offender against minors). Id.

> At the change of plea hearing, Azure was advised by the Court as follows:
>
> Now even though Ms. Conroy and Mr. Pennington and you have agreed that the base offense level is a 38 and that there might be upward adjustments and downward adjustments, when it really comes down to brass tacks it's Ms. Jorgenson's presentence investigation and the calculation that she does there that is important with regards to sentencing. What's in the Plea Agreement is the best estimate of counsel, but what the department of probation comes up with is what matters.

Doc. No. 45 at 14-15. Azure indicated that he fully understood this (id. at 15) and that he was aware he was facing the possibility of a life sentence. Id. at 10. The Court also advised Azure that this was a non-binding plea agreement and that if the Court accepted his plea, he would not be allowed to withdraw it. Id. at 7-8, 17. Azure then went on to plead guilty to counts two and three. Id. at 20.

At the sentencing hearing, the Court heard arguments regarding USSG §§ 2A3.1(b)(3), 3D1.4, and 4B1.5(b)(1) and found each was applicable to Azure—making the guideline range life in prison. The Court then reviewed the guideline calculation noted above, heard further arguments from counsel, considered the factors under 18 U.S.C. § 3553(a), and imposed concurrent life sentences.

Azure appealed, alleging the Court erred in applying USSG §§ 2A3.1 and 3D1.4, and imposed a substantively unreasonable sentence. The Eighth Circuit Court of Appeals dismissed the appeal based on the valid waiver of appeal in the plea agreement. United States v. Azure, 852 F. App'x 232, 233 (8th Cir. 2021). On June 13, 2022, Azure brought this § 2255 motion alleging

his guilty pleas were not knowing and voluntary, his attorney should have filed a motion to withdraw his guilty pleas, his attorney should have informed the Court of that he wished to withdraw his guilty pleas, and that his sentence guideline range was incorrectly calculated.

## II.     LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). More specifically, section 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). As such, § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

Relatedly, the court may dismiss a § 2255 motion without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

3

### III.   DISCUSSION

####    A.   Voluntariness of the Pleas

Azure argues his pleas were not knowing and voluntary. More specifically, he alleges his pleas were not voluntary because his attorney told him he would receive a sentence of no more than 30 years. Doc. No. 52. It is well-established that "a guilty plea must be both knowing and voluntary" to be constitutionally valid. Parke v. Raley, 506 U.S. 20, 28 (1992). The plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 29. This is because "a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." Id.

#####       1.   Procedural Default

As an initial matter, Azure did not argue that his pleas were not voluntary on appeal. The "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). The Court has reviewed Azure's appeal, and he did not make any argument that can be construed as an attack on the voluntariness of his guilty pleas. Instead, Azure argued only that the Court erred by applying certain guideline adjustments related to offense conduct. See generally Azure, 852 F. App'x 232. Because Azure did not raise the validity of his guilty plea on appeal, the claim is procedurally defaulted. See, e.g., Bousley, 523 U.S. at 621.

When a defendant has procedurally defaulted a claim by failing to raise it on appeal, the claim may only be raised in a § 2255 motion if the defendant can demonstrate either "cause" and actual "prejudice," Murray v. Carrier, 477 U.S. 478, 485 (1986), or actual innocence. Smith v. Murray, 477 U.S. 527, 537 (1986). Azure does not argue that he is innocent, nor does he present any cause as to why this argument was not raised on direct appeal. Accordingly, Azure has

4

procedurally defaulted on his challenge to a voluntariness of his plea and because no exception applies, the claim fails.

        2.         Validity of the Pleas

Even assuming *arguendo,* Azure could overcome the procedural default, which he cannot, his argument that his guilty pleas were not knowing and voluntary also fails on the merits. Indeed, Azure's statements (while under oath) at his change of plea hearing certainly contradict his argument. It is well-established that a defendant's statements at a plea hearing carry a strong presumption of truthfulness. United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008); United States v. Ledezma–Rodriquez, 423 F.3d 830, 836 (8th Cir. 2005). "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017).

At his change of plea hearing, Azure was placed under oath. Doc. No. 45 at 4. He then represented that the plea agreement he signed reflected his full understanding of the agreement (id. at 15) and that no promises (such as a certain sentence) had been made in exchange for his guilty pleas. Id. at 19. Azure also indicated that he was aware that he could receive a sentence of life in prison. Id. at 10. Along these lines, he indicated he was aware of the possibility of upward adjustments in his sentence. Id. at 13-14, 15.

While Azure now claims his counsel led him to believe he would receive a sentence of no more than 30 years, the record decisively refutes his claim. Azure was fully aware that he was facing a potential life sentence and represented to the Court that he had not been promised anything in return for his guilty pleas. The statements made under oath at the change of plea hearing carry far more weight than Azure's current suggestion that he was led to believe he would receive a sentence of no more than 30 years. Put simply, the record directly refutes his claim, and Azure is not entitled to relief on this issue.

   3.  Ineffective Assistance

While not specifically argued by Azure, his challenge to the voluntariness of his pleas can also be construed as a claim for ineffective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). When evaluating the probability of

6

a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002).

Even if Azure's counsel advised him deficiently regarding his potential sentence (which this Court believes to be unlikely because counsel correctly recited the 30-year minimum and life maximum sentences on the record), this error was rectified by the Court's accurate communication of the potential life sentence, and Azure suffered no prejudice. See, e.g., Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) ( "[r]egardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to [the petitioner] at the plea proceeding."). As a result, any claim for ineffective assistance of counsel related to advice regarding Azure's potential sentence fails for lack of prejudice.

### B. Withdrawal of Pleas

Next Azure argues his attorney did not let him change his pleas to not guilty and that his attorney told him not to say anything to the Court about wanting to withdraw his pleas. Doc. No. 52 at 5-6. Since no motion to withdraw Azure's pleas was ever filed, the Court will again construe these arguments as asserting ineffective assistance of counsel related to the decision not to file a motion to withdraw Azure's guilty pleas. Accordingly, the Court will analyze the decision not to file the motion to withdraw pleas through the lens of the two-prong Strickland test outlined above.

### 1. Counsel's Performance.

Azure indicates he felt a need to change his plea after he found out that he was facing a life sentence and that he requested his attorney file a motion to withdraw his pleas. This change of heart presumably happened after the change of plea hearing and prior to sentencing—likely after

receipt of the PSIR. However, at sentencing, Azure was again placed under oath and indicated he was satisfied with his attorney's representation. Doc. No. 46 at 6. This statement cuts against Azure's current argument suggesting he wished to withdraw his pleas and his attorney ignored his wishes.

Further, "[t]here is no right to withdraw; the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." United States v. Andolini, 705 F.3d 335, 337 (8th Cir. 2013). Generally, when a defendant has entered a guilty plea that is both knowing and voluntary while acknowledging that he has committed the crime charged, the Court will not allow a withdrawal of the plea. United States v. Jones, 111 F.3d 597, 602 (8th Cir. 1997). To withdraw a guilty plea, "the defendant [must] show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of establishing a "fair and just reason" to permit withdrawal of a guilty plea is on the defendant. United States v. Bastian, 603 F.3d 460, 464 (8th Cir. 2010). However, "even a swift change of heart after the plea . . . does not constitute a fair and just reason to grant withdrawal." United States v. Harvey, 829 F.3d 586, 590 (8th Cir. 2016). The Eighth Circuit Court of Appeals has repeatedly upheld the denial of motions to withdraw a plea when the claim asserted by the defendant directly contradicts statements they made under oath that they are satisfied with their attorney's legal assistance. United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016) (collecting cases).

Azure has essentially argued his decision to plead guilty was a mistake and that he changed his mind after finding out he was facing the possibility of life in prison. However, a defendant changing their mind is not a fair and just reason to withdraw a plea. See Bastian, 603 F.3d 460 at 464. While Azure appears to regret his decision to plead guilty, he has not provided any reasoning as to why it would have been fair and just for him to withdraw his guilty pleas, and his statements made under oath fail to support his argument. Given the record, it appears almost certain that a

motion to withdraw his pleas would have been meritless. An attorney is not ineffective for failing to raise a meritless argument. See United States v. Thomas, 951 F.2d 902, 904-05 (8th Cir. 1991). As such, the Court cannot conclude that counsel's performance was deficient in failing to file a motion to withdraw or inform the Court that Azure had changed his mind regarding the guilty pleas.

2. Prejudice

Similarly, Azure has failed to demonstrate any prejudice. A movant shows prejudice by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A mere possibility of prejudice is not adequate. See Wainwright v. Torna, 455 U.S. 586, 587–88 (1982). Nor is it sufficient to show that an error had a "conceivable effect" on the result of the proceeding. See Morales v. Ault, 476 F.3d 545, 550 (8th Cir. 2007). Rather, the movant must establish a "probability sufficient to undermine confidence in the outcome." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 694).

Here, Azure has failed to articulate how his attorney filing a motion to withdraw his guilty pleas would have led to a different result. His plea agreement specifically noted that he was waiving any right to withdraw his guilty plea, and he has failed to provide a fair and just reason for withdrawal of his pleas. To demonstrate prejudice related to failure to file a motion, Azure must show a reasonable probability that the motion would have been successful. See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Azure has not done so, and the claim fails under Strickland for lack of prejudice as well.

**C.  Calculation of Guideline Range**

Azure's final ground for § 2255 relief challenges the calculation of his USSG guideline range, and in particular, the application of several upward adjustments. Doc. No. 52 at 8-10.

Specifically, Azure argues the Court erred in the application of USSG §§ 2A3.1(b)(3), 3D1.4, and 4B1.5(b)(1).

As an initial matter, arguments concerning guidelines calculations do not rise to the level of miscarriage of justice, the standard necessary to receive post-conviction relief. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). Therefore, alleged errors regarding guidelines calculations "may not be re-litigated under § 2255." United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000). Nevertheless, the Court will briefly address the substance of Azure's arguments.

### 1. USSG § 2A3.1(b)(3)

Azure argues the Court erred in applying USSG § 2A3.1(b)(3) to his sentence. Section 2A3.1(b)(3) increases the offense level by 2 levels if the victim was in the custody, care, or supervisory control of the defendant. The record reflects that Azure's offenses were committed against his daughter and his niece. As this Court noted at sentencing, Azure's daughter was always in his care, custody, and supervisory control, and his niece was temporarily in his care and supervisory control when he sexually abused her. Doc. No. 46 at 18. Azure has stated in conclusory fashion that the Court erred in applying § 2A3.1(b)(3) but has failed to provide any reasoning in support. His conclusory, unsupported allegation is insufficient to demonstrate that the Court erred in its application of § 2A3.1(b)(3).

### 2. USSG § 3D1.4

Azure next argues the Court erred in its application of USSG § 3D1.4. Azure does not provide any argument, and the Court can find no reason, as to why the two guilty pleas were inappropriately grouped under § 3D1.4. In a § 2255 motion, a conclusory allegation that is unsupported by specifics, is subject to summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Azure's claim fails.

3. USSG § 4B1.5(b)(1)

Lastly, Azure argues the Court erred in applying USSG § 4B1.5(b)(1). Section 4B1.5(b)(1) increases the offense level by 5 levels when a defendant has engaged in a pattern of activity involving prohibited sexual conduct. Two or more instances of sexual contact with a minor constitutes a pattern of prohibited sexual contact. See USSG § 4B1.5, Application Note 4. Again, Azure has failed to provide any argument, and the Court can find no valid argument, as to why his two convictions related to sexual contact with minors, along with the information before the Court concerning multiple instances of sexual misconduct with minors, would not subject him to this 5-level increase. As a result, the claim fails.

**D. Evidentiary Hearing**

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). Said another way, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Azure's substantive § 2255 claims, the record decisively refutes each claim presented. Additionally, and as discussed above, Azure offers merely conclusory allegations and insufficient factual allegations in support of his § 2255 claims and motion. As such, Azure's motion for a hearing (Doc. No. 53) is denied and dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

11

## IV. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Azure's allegations, even when taken as true are insufficient to support his claim, contradicted by the record, inherently incredible, or conclusions rather than statements of fact. As a result, Azure's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 52) and his motion for a hearing (Doc. No. 53) are **DENIED**. This matter is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Azure desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 7th day of December, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court